BLANK ROME, LLP
Attorneys for Defendant
MILAN NIGERIA LTD.
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRUISER SHIPPING PTE LTD. and UNIVERSAL NAVIGATION PTE LTD., <br><br> Plaintiffs <br><br> -against- <br><br> SUNDERSONS LTD., MILAN NIGERIA LTD., SIMRAN MEHER LTD. and VALECHHA HOLDINGS LIMITED, <br><br> Defendants | 07 CV 4036 (JGK) <br><br> **ANSWER TO SECOND AMENDED VERIFIED COMPLAINT WITH COUNTERCLAIM** |

Defendant, MILAN NIGERIA LTD., (hereinafter "Milan"), by its attorneys Blank Rome LLP, as and for its Answer to the Plaintiff's Second Amended Verified Complaint (the "Complaint"), alleges as follows:

1.      Admits the allegations contained in paragraph 1 of the Complaint.

2.      Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of the Complaint.

3.      Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 3 of the Complaint.

4.      Admits that Defendant Sundersons Ltd. is a foreign corporation with its principal business address at Plot G2, Moushud Abiola Way, Iganmu, Surnlere, Lagos, Nigeria but except as admitted denies the allegations contained in paragraph 4 of the Complaint.

5.      Admits the allegations contained in paragraph 5 of the Complaint.

6.      Admits that Defendant Simran Meher Limited is a foreign corporation with its principal business address at 1604 Damas Towers, Al Makhtoun Street, Diera, Dubai, United Arab Emirates but except as admitted, denies the allegations contained in paragraph 6 of the Complaint.

7.      Admits that Defendant Valechha Holdings Limited is a foreign corporation with its principal place of business at Suites 7B & 8B, 50 Town Range, Gibraltic, but except as admitted, denies the allegations contained in paragraph 7 of the Complaint.

8.      Admits that by contracts of affreighment evidenced by bills of lading Nos. C01 through C20, dated at Kakinada, India 9/9/06, Milan contracted with Plaintiffs to carry about 23,000 metric tons of bagged rice comprising of 21,000 metric tons of 50 kilogram bags and 2,000 metric tons of 25 kilogram bags from Kakinada, India to Lagos and Port Harcourt, Nigeria, but except as admitted, denies the allegations in paragraph 8.

9.      Admits that Milan was the receiver and/or consignee of the cargo and that Plaintiffs' claims against Milan are subject to arbitration in London pursuant to the above-referenced bills of lading, but except as admitted, denies the allegations contained in paragraph 9 of the Complaint.

10.     Admits that Clause 50 of the Charter between Universal Navigation and Sundersons Nigeria Ltd. contains the arbitration clause referenced at paragraph 10 of the Complaint and that Plaintiffs' claims against Sundersons are subject to arbitration in London

pursuant to the Charter but except as admitted, denies the allegations contained in paragraph 10 of the Complaint.

11.     Given that the Plaintiffs and Milan both agree that Plaintiffs' claims herein are subject to arbitration in London, Milan submits that it is unnecessary for it to admit or deny the allegations contained in paragraphs 11 through 20 of the Complaint in this action; however, to the extent an Answer is required these allegations are denied.

12.     Denies the allegations contained in paragraphs 21 through 26 of the Complaint.

13.     Paragraph 27 of the Complaint does not call for an admission or denial; however, Milan admits that Plaintiffs' claims against it in this action are subject to arbitration in London and further admits that Plaintiffs have commenced arbitration against Milan and Sundersons Limited in London in respect of their claims herein; otherwise the allegations contained in paragraph 27 are denied.

14.     Paragraph 28 of the Complaint does not call for an admission or denial; however, Milan admits that Plaintiffs' claims against it in this action are subject to arbitration in London and otherwise denies the allegations contained in paragraph 28 of the Complaint.

15.     Denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 29 of the Complaint.

16.     Denies the allegations contained in paragraph 30 of the Complaint.

17.     Admits that it cannot be found within the jurisdiction of this Court and is not subject to the *in personam* jurisdiction of this Court but except as admitted, denies the allegations contained in paragraph 31 (erroneously numbered 23) of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

18.     This Court lacks *in personam* jurisdiction over Milan.

## SECOND AFFIRMATIVE DEFENSE

19.     Plaintiffs have failed to effect proper service of process upon Milan.

## THIRD AFFIRMATIVE DEFENSE

20.     Plaintiffs' claims are subject to arbitration in London pursuant to the governing contracts and Plaintiffs' claims in this action should be stayed pending arbitration in London.

## FOURTH AFFIRMATIVE DEFENSE

21.     Milan is not the *alter ego* of any of the other Defendants in this action and Plaintiffs' attempts to pierce the corporate veil of Milan should be denied.

## FIFTH AFFIRMATIVE DEFENSE

22.     Plaintiff's complaint fails to plead its *alter ego* allegations with sufficient specificity or particularity, and plaintiffs' *alter ego*/veil piercing claims and causes of action should be dismissed.

## SIXTH AFFIRMATIVE DEFENSE

23.     Plaintiffs' Complaint fails to state a claim for which relief can be granted.

## COUNTERCLAIM

Defendant Milan hereby conditionally asserts the following counterclaim against Plaintiffs. The counterclaim, as with Plaintiffs' claims asserted in their complaint, is subject to London arbitration pursuant to the governing contract of carriage referenced above, and this counterclaim is asserted herein solely for the purposes of obtaining counter-security pursuant to Fed. R. Civ. P. Supp. Adm. R. E(7)(a). This counterclaim is strictly subject to and without waiver of Defendant Milan's affirmative defenses listed above, including but not limited to lack of jurisdiction and that the disputes between Plaintiffs and Defendant are subject to arbitration in London.

24.     The preceding paragraphs are repeated and incorporated herein as if set forth in full.

25.     On or about November 2, 2007, Milan filed a counterclaim in the above-referenced arbitration commenced in respect of this matter by Plaintiffs. A copy of the counterclaim as filed in the London arbitration is appended hereto as Exhibit "A".

26.     Milan is presently preparing to submit an amended counterclaim in the London arbitration, a copy of which is appended hereto as Exhibit "B". The counterclaim and proposed amended counterclaim are fully incorporated herein by reference as if set forth in full herein.

27.     In sum, Milan seeks a net award in its favor of $94,907.16 plus interest, fees and costs.

28.     Rule E(7)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides as follows:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the same transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the Court, for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given, unless the Court directs otherwise.

29.     In the present case, Plaintiffs have asserted claims against Milan totaling $417,614.40 and have attached funds of Milan in this district at Standard Chartered Bank in the full amount of this claim.

30.     Milan has asserted a counterclaim in the London arbitration and herein which arises from the same transaction or occurrence, the principal amount of which totals $94,907.16.

31.     If successful, the London arbitrators will also award Milan interest, attorneys' fees and arbitrators' fees in connection with the defense of Plaintiffs' claim and the pursuit of

Milan's counterclaim. Specifically, Milan estimates interest, calculated at 6% *per annum*, compounded quarterly for three years, would be $18,565.57. Milan further estimates it would be awarded costs, including arbitrators' fees and attorneys' fees, of $45,000.

32. Based on the foregoing, Milan is entitled to counter-security of **$158,472.73** in respect of its counterclaim.

**WHEREFORE**, Defendant Milan prays:

A. That Plaintiffs' claims be denied in full;

B. That this action be stayed pending arbitration of the disputes in London;

C. That the Order of Attachment obtained by Plaintiffs in this action be vacated in its entirety; and/or

D. That Milan's counterclaim and request for counter-security be granted in full.

Dated: New York, NY
November 15, 2007

Respectfully submitted,
BLANK ROME, LLP
Attorneys for Defendant
MILAN NIGERIA LTD.

By _____
Thomas H. Belknap, Jr. (TB-3188)
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000