# EXHIBIT A

## COUNTER- CLAIM.

In the event that the Tribunal finds in favour of the Claimants and holds that the Settlement Agreement dated 14/12/06 is void for reason of duress or any reason whatsoever, Respondents have a cargo claim in respect of the voyage and plead as follows:

### IN THE MATTER OF THE ARBITRATION ACT, 1996

### AND

### IN THE MATTER OF AN ARBITRATION

BETWEEN

**MILAN NIGERIA LIMITED**　　　　　　　　　　　　　**CLAIMANTS**

AND

**CRUISER SHIPPING PTE LIMITED**　　　　　　　　　**RESPONDENTS**

### M.V. "CRUISER"- C/P DATED 04/08/06.

## CLAIM SUBMISSIONS.

### BACKGROUND.

1. Claimants are a Nigerian registered company with their offices at 52A Kofo Abayomi Street, Victoria Island, Lagos Nigeria.

2. At all material times, the Respondents were the Owners of the MV "Cruiser", the Vessel employed in the carriage of Claimants' cargo of bagged rice from Kakinada, India to Lagos and Port Harcourt, Nigeria.

3. By Contracts of Affreightment evidenced by Bills of Lading Numbers

**C01, C02, C05, C06, C09, C10, C13, C14, C15** and **C16** dated at **Kakinada, India 09/09/06**, Claimants contracted with Respondents to carry about **23,000 Metric Tonnes** of Bagged Rice comprising of **21,000 Metric Tonnes** of **50Kg** bags and **2,000 Metric Tonnes** of **25Kg** bags from Kakinada, India to Lagos and Port Harcourt, Nigeria. Attached and marked **AB - AB9** are the Bills of Lading aforesaid.

4. The Respondents received into their custody in apparent good order and condition, all of the Claimants' cargo of 23,000 Metric Tonnes of Rice for carriage and safe delivery to the Claimants in like good order and condition as at when received on board and the Bills were marked clean on board.

## DISCHARGE AT LAGOS.

5. The Vessel arrived Lagos on 19/10/06 and commenced discharge of her cargo on 24/10/06.

6. On completion of discharge operation on 04/11/06, a total of **1861** bags were discovered caked.

7. The Tribunal is referred to Claimants' Survey Report at Lagos which is attached and marked **AB10**.

## DISCHARGE AT PORT HARCOURT.

8. The Vessel commenced discharge at Port Harcourt on 17/11/06 through to 05/12/06.

9. On completion of discharge, a total of **1,139** bags were discovered caked.

10. A total number of **3,703** bags **(185.15 Metric Tonnes)** were short landed at Port Harcourt.

11. The Tribunal is referred to the Claimants' Survey Report at Port Harcourt, which is attached and marked **AB11**.

## RESPONDENTS' OBLIGATION.

12. The contract contained in or evidenced by the Bills of Lading incorporated and/or was subject to the Hague and/or the Hague Visby Rules which provide inter alia as follows:

"**ART III**

1. The carrier shall be bound before and at the beginning of the voyage to exercise due diligence to:

   a. Make the ship sea worthy

   b. Make the ship cargo worthy

   c. Make the holds, refrigerating and cool chambers, and all other parts of the ship in which the goods are carried, fit and safe for their reception and preservation.

2. Subject to the provisions of **Art IV**, the carrier shall properly and carefully load, handle, stow, carry, keep, care for and discharge the goods carried."

## PARTICULARS OF BREACH.

13. It is the Claimants' position that the fact that the cargo was short landed and discharged partly in a damaged state is evidence of Respondents' breach of their Clause Paramount obligation.

14. It is also the Claimants' case that had the Vessel been put to sea in a sea worthy/cargo worthy condition in all respects required by law and contract, the damage and/or shortage would not have occurred.

## PARTICULARS OF CLAIM.

### Caked Bags.

15. A total number of **3,000** caked bags was recorded at Lagos and Port Harcourt.

    a. The caked bags were sold at salvage value of **N 2,950.00**. Attached and marked **AB12** is a copy of the Sale Invoice.

    b. The sound market value of a bag of rice at the time was **N4950.00**. Attached and marked **AB13** is a copy of the Invoice for sale at sound market value.

    c. Of the **3,000** caked bags, Claimants could only sell **2,000** at salvage value bringing about a loss of **N4,000,000.00**.

    d. The remaining **1,000** caked bags were a constructive total loss resulting in a loss of **N4,950,000.00**.

    e. The Claimants' total loss on account of the caked bags is therefore **N8,950,000.00**.

### Shortage.

16. A total of **3,703** bags were short landed.

    a. The sound market value for a bag of rice at the time was **N4,950.00**. The Tribunal is referred to **AB13**.

    b. **3,703 x N4,950.00 = N18,329,850.00**.

17. Claimants' total loss at Lagos and Port Harcourt is **N27,279,850.00**.

18. Total loss at the rate of **N125** to **1USD** is **USD218,238.80**.

19. The Claimants' claim the sum of **USD218,238.80 (Two Hundred and Eighteen Thousand, Two Hundred and Thirty-eight United States Dollars, Eighty Cents)** being damages for breach of Contracts of Affreightment, and/or duty and/or negligence by the Respondents, their servants or agents in or about the storage, care, ventilation, carriage, custody and discharge of the Claimants' cargo of Bagged Rice on board the Vessel, **MV. "Cruiser"** under the Contracts of Affreightment evidenced by the Bills of Lading here before stated.

20. The Claimants also claim interests and costs as appropriate/applicable.

Dated this 2nd day of November 2007.

                                        **A. B. SULU-GAMBARI & CO.**
                                        **CLAIMANTS' SOLICITORS**
                                        **MANDILAS HOUSE, 7TH FLOOR**
                                        **35, SIMPSON STREET**
                                        **LAGOS-NIGERIA.**