BLANK ROME, LLP
Attorneys for Defendant MILAN NIGERIA LTD.
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRUISER SHIPPING PTE LTD. and UNIVERSAL NAVIGATION PTE LTD., <br><br> Plaintiffs <br><br> -against- <br><br> SUNDERSONS LTD., MILAN NIGERIA LTD., SIMRAN MEHER LTD. and VALECHHA HOLDINGS LIMITED, <br><br> Defendants | 07 CV 4036 (JGK) |

**DEFENDANT/COUNTERCLAIMANT MILAN NIGERIA LIMITED'S
MEMORANDUM OF LAW IN SUPPORT OF
<u>REQUEST FOR SECURITY ON COUNTERCLAIM</u>**

128426.00601/6589785v.1

## PRRELIMINARY STATEMENT

The facts are fully stated and supported in the accompanying affidavit of Thomas H. Belknap, Jr. dated November 15, 2007 and the exhibits referred to therein. In sum, Plaintiffs have attached $417,614.40 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. Plaintiffs' action seeks security in respect of certain claims relating to a vessel charter and bills of lading pursuant to which a cargo of rice was carried aboard the ocean-going cargo vessel M/V CRUISER from Kakinada, India to Lagos and Port Harcourt, Nigeria. It is common ground that the merits of Plaintiffs' claims are subject to London arbitration, and Plaintiffs have in fact already commenced arbitration against Milan in respect of the claims asserted herein. In the arbitration, defendant Milan has asserted a counterclaim which arises from the same transaction or occurrence as Plaintiffs' claim. Milan will be filing shortly an amended counterclaim seeking a net award in its favor of $94,907.16. Interest on the counterclaim amount, as calculated for the same period and at the same rate as used by Plaintiffs amounts to $18,565.57. Milan is also entitled to security for its estimated legal fees and costs in the same amount as claimed by Plaintiffs, *i.e.*, $45,000. See, Fednav International Ltd. v. Sunwoo Merchant Marine Co. Ltd., 2007 U.S. Dist. LEXIS 79685 (S.D.N.Y. October 18, 2007)(awarding countersecurity for fees and costs in the same amount as claimed by Plaintiff). Based on the foregoing, Milan is entitled to countersecurity in the total sum of $158,472.73.

## ARGUMENT

### POINT I

### DEFENDANT IS ENTITLED TO SECURITY FOR ITS COUNTERCLAIMS

Supplemental Rule E(7)(a) of the Federal Rules of Civil Procedure provides:

128426.00601/6589785v.1

> (a) When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given <u>must</u> give security for damages demanded in the counterclaim, unless the court for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise. [Emphasis added.]

It is axiomatic that claims and counterclaims between parties arising out of a vessel charter and bills of lading issued thereunder are considered "arising out of the same transaction" for purposes of Supplemental Rule E(7). <u>Verton Navigation, Inc. v. Caribica Shipping Ltd.</u>, no. 90 Civ. 6940; 1991 U. S. Dist. LEXIS 6722 (S.D.N.Y. May 1, 1991); <u>Transportes Caribe, S.A. v. M/V Feder Trader</u>, 860 F.2d 637 (5th Cir. 1988) The claims and counterclaims in the present action all arise from the carriage of a cargo of rice from Kakinada, India to Lagos and Port Harcourt, Nigeria under a charter for the M/V CRUISER and bills of lading C01-C20 issued in respect of the cargo, during which voyage certain claims arose due to claimed shortage and damage to the cargo. (See Complaint, Docket No. 6, ¶8-12; Counterclaim Ex. A, ¶ 3). As such, there can be no dispute that the claims and counterclaims involve the same transaction within the meaning of Supplemental Rule E(7).

Plaintiffs have obtained security against Milan in the amount of $417,614.40 restrained at Standard Chartered Bank on or about September 11, 2007 pursuant to its PMAGs. (<u>See</u> Docket No. 9). Accordingly, Plaintiffs, for whose benefit Milan's assets have been attached as security, should be directed to give security to defendant Milan in the full amount of its counterclaim, <i>i.e.</i>, $158,472.73. Such an order is fully consistent with the well-recognized goal of Supplemental Rule E(7), which is to place the parties on equal footing as regards security and thereby afford reciprocal protection. <u>Result Shipping Co., Ltd. v. Ferruzzi Trading USA, Inc.</u>, 56 F 3d. 394 (2d Cir. 1995)(citing <u>Washington-Southern Navigation Company V. Baltimore & Philadelphia</u>

128426.00601/6589785v.1

Steamboat Company, 263 U.S. 629, 638-39 (1924)); Dongbu Express Co., Ltd. v. Navios Corporation, 944 F. Supp. 235 (S.D.N.Y. 1996); Verton, supra; Titan Nav., Inc. v. Timsco, Inc., 808 F.2d 400 (5th Cir. 1987); Expert Diesel, Inc. v. Yacht Fishin Fool, 627 F. Supp. 432 (S.D.Fla. 1986); Eastern Transp. Co. v. U.S., 98 F. Supp. 36 (S.D.N.Y. 1951).

## POINT II

### DEFENDANT'S ATTACHED FUNDS SHOULD BE RELEASED IF PLAINTIFFS DO NOT PROMPTLY PROVIDE COUNTERSECURITY

Rule E(7)(a) provides that the Plaintiff's claim must be stayed until countersecurity is given, unless the Court orders otherwise. However, in the present case, the action is to be stayed in any event pending arbitration in London. Therefore, merely staying the proceedings would not be a remedy if Plaintiffs fail to provide countersecurity.

It is firmly established that the purpose of Rule E(7) is to place the parties on an equal footing. See Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 638-39 (1924). Clearly, when one party posts security and the other fails to comply with a court order to do the same, that policy is violated.

This Court has not been reticent to exercise its authority to vacate a plaintiff's attachment if the plaintiff fails to comply with an order requiring it to provide security for a defendant's counterclaim. See Verton Navigation, Inc. v. Caribica Shipping Ltd., no. 90 Civ. 6940 (JFK), 1992 U. S. District LEXIS 517 (S.D.N.Y. January 21, 1992). In Seaboard & Caribbean Transport Corp. v. Hafen-Dampfschiffahrt A.G. Hapag-Hadac Seebaderdienst, 329 F.2d 538 (5th Cir. 1964), a shipowner posted security in order to release its vessel which had been arrested by charterer. The owner thereafter sought counter-security. The Fifth Circuit held that it was

4

within the trial court's broad discretion to release owner's security since charterer was financially unable to post counter-security.

In <u>Titan Navigation, Inc. v. Timsco, Inc.</u>, 808 F.2d 400 (5th Cir. 1987), the Fifth Circuit again released security when a party claiming financial inability failed to post counter-security. According to the Court:

> [T]he exercise of the trial court's discretion to order counter-security is to be guarded by the essential and equitable purposes of the Rule. In doing so, the Court must weigh the importance of the security interests giving rise to the initial seizure, against the potential injustice of requiring the defendant-counterclaimant to post security without affording reciprocal protection . We believe the guidon for this analysis is the Court's obligation to preserve the integrity of maritime liens . . . We can readily contemplate instances when permitting one party to enjoy security without requiring counter-security could result in injustice. For example, <u>when no maritime lien or statutory right is involved, as in an action commenced quasi in rem under Rule B, there usually would be little or no reason to permit a complainant to enjoy unilateral security rights, absent strong justification -- or in the terms of Rule E(7), "cause shown."</u> (Emphasis added.)

808 F.2d 404-405.

In the present case, the security obtained from Milan should be released if Plaintiffs fail to provide countersecurity within ten days of being so directed, and any order directing the posting of countersecurity should explicitly state that Plaintiffs' attachment of Milan's funds will be vacated if the order is not timely complied with.

## CONCLUSION

For the foregoing reasons, Plaintiffs should be ordered to post countersecurity of $158,472.73 in the form of cash, a bond or other acceptable form to Defendant Milan as security in respect of its counterclaim asserted in this matter or, if suitable countersecurity is not posted within ten days of entry of an order of this Court, then Plaintiffs' attachment should be vacated

and this action dismissed. This Court should further grant defendant Milan such other and further relief as may be just and equitable.

Dated: New York, NY
       November 15, 2007

                                  Respectfully submitted,
                                  BLANK ROME, LLP
                                  Attorneys for Defendant/Counterclaim-Plaintiff
                                  MILAN NIGERIA LIMITED

                                  By_____
                                      Thomas H. Belknap, Jr. (TB 3188)
                                  The Chrysler Building
                                  405 Lexington Ave.
                                  New York, NY 10174-0208
                                  (212) 885-5000

128426.00601/6589785v.1