# EXHIBIT "6"

IN THE FEDERAL HIGH COURT OF NIGERIA
IN THE PORT HARCOURT JUDICIAL DIVISION
HOLDEN AT PORT HARCOURT

SUIT NO. FHC/PH/CS/___/2006

ADMIRALTY ACTION IN REM AGAINST THE SHIP M/V "CRUISER"

BETWEEN

1. MILAN NIG LTD
2. SUNDERSONS LTD                                     PLAINTIFFS

AND

1. M.V. CRUISER
2. UNIVERSAL NAVIGATION PTE
   SINGAPORE, SHIP OWNERS                             DEFENDANTS

IN THE MATTER OF VESSEL M/V "CRUISER"

## STATEMENT OF CLAIM

1. The 1st plaintiff is a registered Nigerian company engaged in the business of importing and exporting of essential commodities.

2. The 2nd plaintiff is a shipping company, agents, managers and chatterers of the Defendants vessel for the delivery of the 1st plaintiff's cargo from India to Nigeria.

3. The Plaintiff avers that the 1st Defendant is the vessel contracted by the 2nd Plaintiff Company for the carriage and delivery of the 1st Plaintiff's cargo from India to Nigeria.

4. The Plaintiff avers that the 2nd Defendants are the owners of the 1st Defendants vessel, with their office address which situate outside jurisdiction of this Honourable Court. Thus, the charter party agreement was dated the 4th day of August, 2006 as per the bill of lading with reference No. C 1.2. The charter party agreement was entered to cargo and deliver the 1st plaintiff goods at Tincan Island Port, Lagos and/or Port Harcourt, Nigeria.

5. The Plaintiff avers that 22,900 metric tons of 45,800.00 bags of 50kg Indian Long Grain parboiled Rice, Non-Basmati, 100% Sortexed were to be delivered to the 1st plaintiff in Port Harcourt.

6. The Plaintiff avers that 15839 Metric tons were delivered; 3308 quantities was discharged caked, 3753 short landed leaving a record shortage of 7061 Metric tons. A copy of cargo Manifest of bagged rice at Kakinada Port per vessel M.V. Cruiser is hereby attached and marked as exhibit A.

7. The Plaintiff avers that by a charter party agreement dated 4th August 2006, the 2nd plaintiff, acting on behalf of the 1st plaintiff contracted the Defendants

43A

to convey and deliver to the 2nd plaintiff 22,900.00 metric tons of Indian Long Grain parboiled Rice, Non Basmati, 100 % Sortexed Purchased from Simran Mahar Ltd of suit 78 & 88.5G Town Range, Gibraltar.

8. The Plaintiff avers that the 1st plaintiff was issued with a Pro forma Invoice No: PL/IR-12/2006 Dated 24th July 2006, LC No. 120506626U with form MF 1057927 BADE/20062052155.

9. The Plaintiff avers that by the 2nd plaintiff's agreement with the Defendants, the 1st plaintiff's cargo was to be conveyed from Kakinada Port, Indian and delivered to the 2nd plaintiff at Tincan Lagos and Port Harcourt main sea Port. The bill of lading Nos. C1.2, C 02, C 05, C 06, C13 and C 15 respectively are hereby attached and marked as Exhibit C1, C2, C3 and C4.

10. The Plaintiff avers that the Defendants failed to discharged and deliver total agreed tonnage No. of 22,900.00 metric tons of 45,800.00 bags of each 50kg of Indian Long Grain parboiled Rice, Non Basmati, 100 % Sortexed.

11. The Plaintiff avers that at all material times after the discharge following the total shortage of 3753 (short lading) at 42 per bag which amount to 157,626.00 and a sum total of 3306 bags caked at estimated sum of 25.2 per bag which amount to 83,361.60 cases by the defendants' negligence which resulted from the absence of dunnage on the wall of the vessel whereat some bags contacted the wall of the vessel and due to water ingress or humidity became caked. The Defendants alongside their captain M. Iobal of Master M.V. Cruiser and the Chief Officer of 1st Defendant vessel initiated an amicable settlement. The settlement was an antics used by the Defendants to deceive the Plaintiffs in order to have the vessel sail out of jurisdiction and thus, the 1st Defendant sail out.

12. The Plaintiff avers that the Plaintiffs relied on the Defendants promise to pay for the shortage and cake bags valued at $240,987.60 (Two hundred and forty thousand nine hundred and eighty seven dollars sixty cent)

13. The Plaintiff avers that on the Defendants agreement to pay for the shortage, the Plaintiff obliged the Defendants requests to clear the 1st defendant from custom and immigration checks.

14. The Plaintiff avers that to the Plaintiffs greatest amazement after obtaining port clearance, the Defendants reneged from their agreement to pay for the said shortage and damages sequel to their clearance and is at the verge of sailing out of Nigeria without paying for the agreed sum.

15. The Plaintiff avers that after giving the Defendants vessel clearance to sail following their agreement to raise a letter of credit in favour of the Plaintiff covering the shortage aforesaid, the 1st Defendant vessel was cleared to create berthing space for other vessel to berth and discharge. The document evidencing clearance from Custom of Federal Republic of Nigeria is hereby attached and marked as exhibit D.

43 B

16. The Plaintiff avers that the 1st defendant vessel is presently at Bonny anchorage undergoing routine checks and clearance to sail.

WHEREOF the Plaintiffs claim against the Defendants as follows:

1. The sum of $240,987.60 (Two hundred and forty thousand nine hundred and eighty seven dollars sixty cent) or alternatively, in its Naira equivalent of N33,738,264.00 (Thirty-three million seven hundred and thirty-eight thousand two hundred and six four naira) being the value of loss and soiled bags of rice delivered by Defendants to the Plaintiffs.

2. An order of court compelling the Defendants to pay $240,987.60 (Two hundred and forty thousand nine hundred and eighty seven dollars sixty cent) or alternatively, in its naira equivalent of N33,738,264.00 (Thirty-three million seven hundred and thirty-eight thousand two hundred and six four naira) being the sum agreed by the Defendants to be paid to the Plaintiffs for the shortage and soiled bags of the 1st plaintiff cargo.

3. The cost of this suit.

Dated 6th day of Dec, 2006.



M.O NGWOHA ESQ
Plaintiff/Applicant's Counsel
Bhema Chambers,
31 Oromoniko Layout,
D/Line, Port Harcourt.

SERVICE ON THE DEFENDANTS
C/o M.V CRUISER
BONNY ANCHORAGE

43 C