UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CRUISER SHIPPING PTE LTD. and                    07 CV 4036 (JGK)
UNIVERSAL NAVIGATION PTE LTD.,

               Plaintiffs,

    -against-

SUNDERSONS LTD., MILAN NIGERIA LTD.,
SIMRAN MEHER LTD.and VALECHHA
HOLDINGS LIMITED,

               Defendants.
-------------------------------------------------------------X

## DECLARATION UNDER PENALTY OF PERJURY

I, Nicholas George Parton, of 18 Mansell Street, London E1 8AA hereby state as
follows:

1. I am a solicitor and a partner of the London law firm, Jackson Parton,
   representing the Plaintiffs, who are also Claimants in arbitration proceedings in
   London against the Defendants.

2. I have been asked to make this declaration in response to the Defendants'
   application for counter-security in respect of their counter-claim for alleged
   damage to a cargo of bagged rice carried on board the vessel "CRUISER" ("the
   Vessel") under bills of lading numbered C-01 to C20 issued at Kakinada on 30
   August 2006, 9 September 2006 and 12 September 2006 for discharge at Lagos
   and Port Harcourt, Nigeria (the "Cargo" and "the Bills of Lading" respectively).

3. As set out below, security has already been offered and remains available to the
   Defendants in the form of a Protection and Indemnity (P&I) Club Letter of

Undertaking. Consequently, there are no grounds for the Defendants' present request for counter-security and, respectfully, the request should be denied in its entirety.

4.  A brief description of the circumstances surrounding the parties' disputes will give some context to the current application. As already mentioned, the Cargo of bagged rice was transported to two ports in Nigeria, with discharge at both ports completed by 5th December 2006. Demurrage charges (i.e. charges for delays) of approximately US$ 92,000.00 were incurred by the Defendants at both ports.

5.  As part of an overall plan to extract payment from the Plaintiffs for alleged shortages to the Cargo, and to coerce a payment from the Plaintiffs, the Defendants prevented the departure of the vessel by blocking the necessary clearances. Thereafter, on 6th December 2006, the Defendants procured an order from the Federal High Court of Nigeria Port Harcourt Judicial Division arresting the vessel to secure claims for alleged shortages to the Cargo. Shortly, thereafter, Defendants made a demand for payment of US$ 198,987.60.

6.  Plaintiffs disputed the claim for shortage to the Cargo and refused to submit to the Defendants' efforts to extract a payment from the Plaintiffs. In fact, discharge figures compiled by the vessel's Master and surveys performed on behalf of the Plaintiffs seriously undermined Defendants' claim for cargo shortage.

7.  Consequently, so as to allow Plaintiffs an opportunity to investigate the shortage claim without inordinate delay to the vessel, Plaintiffs offered the Defendants a P & I Club Letter of Undertaking. Such letters of undertaking are routinely accepted in the international maritime trade as security for cargo claims, and permit the parties to quickly arrange for security without delaying the vessel's departure. Alternatively, Plaintiffs offered to settle the alleged shortage claim for $40,000, being the deductible under the P & I insurance policy. This was rejected and the vessel remained arrested.

2

8.  A Letter of Undertaking in the amount of $240,987.60 was nonetheless issued on
    8th December 2006 by Plaintiffs' protection and indemnity insurers, The South of
    England Protection and Indemnity Association (Bermuda) Limited ("SOE"), and
    was offered on several occasions to the Defendants beginning on December 9th
    2006 and subsequently. However, Defendants refused to accept the Letter of
    Undertaking and, instead, continued to make cash demands of the Defendants.
    Annexed hereto as Exhibit "A" is the SOE Letter of Undertaking. Annexed
    hereto as Exhibit "B" is Plaintiffs' correspondence to Defendants offering the
    SOE Letter of Undertaking.

9.  I was instructed to prepare and issue and application for an anti-suit injunction
    and I sent a fax to the Defendants on 13th December 2006 attaching a copy of the
    SOE Letter of Undertaking. Annexed hereto as Exhibit "C" is my fax dated 13th
    December, 2006. In that fax, I reminded the Defendants of clause 54 of the
    Charter Agreement and threatened to issue the anti-suit injunctions proceedings
    should they fail to accept the Letter of Undertaking and release the vessel.
    Annexed hereto as Exhibit "D" is a copy of the pleadings I prepared in the anti-
    suit injunction proceedings.

10. On 14th December 2006, before I had a chance to issue the proceedings, armed
    guards boarded the vessel and the Plaintiffs, frightened that they would lose the
    vessel's next employment (which was due to commence on 17th December),
    agreed under duress to pay the Defendants $70,000 and to forgo their demurrage
    claims.

11. The Defendants' refusal to accept the Letter of Undertaking as security for their
    alleged claim and to release the vessel, was a breach of clause 54 of the Charter
    Agreement (which binds all the Defendants) and which provides:

3

*"In the event of any alleged cargo claim/shortages Charterers/Receivers*
*are to accept Owners' Pandi Club Letter of Guarantee/bond only. No cash*
*settlement to be allowed whatsoever. Owners Pandi Club is South of*
*England. (Emphasis supplied)*
*If vessel is not released then immediately vessel goes on detention at*
*USD12,000 per day pro rata plus costs of bunkers consumed and any*
*other directly related costs until vessel is released"*

12. The SOE Letter of Undertaking in the amount of $240,987.60 remains valid and
is held to the Defendants' order should they choose to or be ordered by this
Honourable Court to accept it by way of security for their alleged counter-claim.

I declare, under penalty of perjury under the laws of the United States of America,
that the foregoing is true and correct.

Executed on December 3, 2007

_____
NICHOLAS GEORGE PARTON

4